IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SABRINA LYNN AMADOCOE,

    Petitioner/Defendant,

v.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

    Respondent/Plaintiffs.

CIVIL ACTION

NO. 1:11-CV-3176-TWT-ECS

**ORDER, FINAL REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**I.
Introduction**

The above-styled case is a dispossessory action filed in the Magistrate Court of Dekalb County, which Petitioner is seeking to remove to this Court under 28 U.S.C. § 1446(d). This action is presently before the Court on Petitioner's request to proceed in forma pauperis with the petition for removal [Docs. 1, 1-1]. After consideration by the Court of Petitioner's affidavit of indigency, her request to proceed in forma pauperis is hereby **GRANTED** pursuant to 28 U.S.C. § 1915(a). Because this Court lacks subject matter jurisdiction under 28 U.S.C. §§ 1447(c), however, it is **RECOMMENDED** that this action be **REMANDED** to the Magistrate Court of Dekalb County.

**II.**
**Discussion**

Twenty-eight U.S.C. § 1441(a) provides: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  Id. § 1447(c).  In removal cases, the party seeking removal has the burden to demonstrate that federal jurisdiction exists, Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001), and "uncertainties are resolved in favor of remand."  Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

**A.  Federal Question Jurisdiction**

Whether federal-question jurisdiction exists "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.  The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."  Caterpillar, Inc.

AO 72A
(Rev.8/82)

v. Williams, 482 U.S. 386, 392 (1987) (citations omitted). Thus, potential defenses involving the Constitution or laws of the United States are ignored. Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003). Furthermore, "a counterclaim . . . cannot serve as the basis for 'arising under' jurisdiction." Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002).

In the present case, there is no indication that Federal National Mortgage Association, as the plaintiff in the state court proceeding, has relied on any federal law in its filings with the Dekalb County Magistrate Court. [Doc. 1-2, at 5-6]. Nonetheless, Petitioner alleges that removal is proper and this Court has subject matter jurisdiction because a federal question is presented in "PETITIONER's Complaint for Damages." [Doc. 1-2, at 2]. Plaintiff is mistaken. Her claim that the state "proceedings [are] occurring in violation of the Uniform Commercial Code and 15 USC 1692, Rule 60 of the Federal Rule of Civil Procedure," [Doc. 1-1, at 1], is a defense or counterclaim based on federal law. Moreover, to the extent Petitioner's responsive pleading in the state court action also relies on federal law, it too is a defense or counterclaim. [Doc. 1-2, at 7].

As discussed above, a case may not be removed to federal court when the basis for removal is a federal defense, see Caterpillar, 482 U.S. at 393, or a federal counterclaim, see Vornado, 535 U.S.

3

at 831. Thus, absent a federal question presented on the face of the state court Plaintiff's well-pleaded complaint or evidence that warrants the application of an exception to the well-pleaded complaint rule, Petitioner cannot properly remove the action on the basis of federal question subject matter jurisdiction. Caterpillar, 482 U.S. at 393; see also HSBC Mortg. Servs., Inc. v. Cunningham, No. 1:07-cv-2480-WSD-JFK, 2007 WL 3005337 (N.D. Ga. Oct. 12, 2007) (remanding a dispossessory action to the state court for lack of subject matter jurisdiction).

**B. Diversity Jurisdiction**

Although Petitioner did not check the box on the civil cover sheet for diversity of citizenship, [Doc. 1-3, at 1], she relies on 28 U.S.C. § 1332 as an alternative basis for removal. See [Doc. 1-2, at 2]. However, Petitioner also checked the box on the civil cover sheet indicating that she is a citizen of this state. Furthermore, Petitioner is the occupant of the subject property, which is located in this state. See [Doc. 1-2, at 6-7]. Because Petitioner appears to be a citizen of this state, removal based on diversity of citizenship is precluded. See 28 U.S.C. § 1441(b).

### III.
### Conclusion

For the reasons discussed above, the undersigned finds that this Court lacks subject matter jurisdiction. Accordingly, **IT IS**

4

**RECOMMENDED** that the Clerk be **DIRECTED** to **REMAND** this action to the Magistrate Court of Dekalb County. Petitioner's request to proceed in forma pauperis is **GRANTED** for the purposes of remand only. The clerk is **DIRECTED** to terminate the reference to the undersigned in this matter.

**SO ORDERED, REPORTED AND RECOMMENDED**, this 2nd day of November, 2011.

s/ <i>E. Clayton Scofield</i><br>
E. CLAYTON SCOFIELD III<br>
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)